UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| REBECCA RENTZ JAMES, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| SUBARU CORPORATION f/k/a/ Fuji Heavy Industries, Ltd., | ) ) ) |
|     Ebisu Subaru Bldg. 1-20-8,<br>    Ebisu, Shibuya-ku, Tokyo<br>    150-8554 | ) ) ) ) ) |
| SUBARU OF INDIANA AUTOMOTIVE, INC.<br>Serve: Douglas Meyer<br>      Registered Agent<br>      5500 State Road 38 E.,<br>      PO Box 5689<br>      Lafayette, Indiana 47905 | ) ) ) ) ) ) ) |

Case No. 1:19-at-99999

## COMPLAINT

COMES NOW Plaintiff REBECCA RENTZ JAMES, by counsel, and files this Complaint for judgment against Defendants Subaru Corporation f/k/a Fuji Heavy Industries, Ltd. and Subaru of Indiana Automotive, Inc. (collectively "Defendants") on the grounds and in the amount as hereinafter set forth:

1. This civil action seeks damages for serious, permanent, and debilitating personal injuries sustained by Plaintiff Rebecca Rentz James ("Mrs. James" or "Plaintiff") in Tazewell County, Virginia on August 7, 2017. Mrs. James' injuries result from the inadvertent, improper, unexpected, unnecessary and unsafe deployment of the driver's side curtain airbag in her 2011 Subaru Outback, VIN No. 4S4BRDKC3B2418987 (the "Vehicle"). Following a minor impact to

the Vehicle's front passenger side fender, the driver's side curtain airbag deployed, causing significant injuries to Mrs. James.

2. Both the deployment of the driver's side curtain airbag and the injuries to Mrs. James were wholly unnecessary and resulted from defects in the manner in which the Vehicle was designed, manufactured, and assembled. Instead of protecting Mrs. James, the driver's side curtain airbag in the Vehicle created a hazard which posed a serious risk of injury or death.

3. Mrs. James files this lawsuit to seek compensation for the injuries which result from Defendants having designed and equipped the Vehicle with defective parts that caused Mrs. James' injury.

## PARTIES

4. Mrs. James is a resident of Tazewell County, Virginia.

5. Defendant Subaru Corporation ("Subaru Corp.") is a corporation organized under the laws of Japan with its principal place of business in Shibuya-Ku, Tokyo, Japan. Subaru Corp., at the time it was known as Fuji Heavy Industries, Ltd., designed, manufactured, assembled, marketed, distributed, and sold the Vehicle. Subaru Corp. sells and markets vehicles to dealerships and consumers throughout Virginia. Subaru Corp. derives significant revenue from its sales to Virginia dealerships and consumers and from the purchase and use of Subaru vehicles in Virginia.

6. Defendant Subaru of Indiana Automotive, Inc. ("Subaru of Indiana") is a corporation organized under the laws of Indiana with its principal place of business in Lafayette, Indiana. Subaru of Indiana is a subsidiary of Subaru Corp. Subaru of Indiana designed, manufactured, assembled, marketed, distributed, and sold the Vehicle. Subaru of Indiana sells and markets vehicles to dealerships and consumers throughout the East Coast and Virginia.

WOODS ROGERS PLC
ATTORNEYS AT LAW

Subaru of Indiana derives significant revenue from the distribution of vehicles to Virginia dealerships and from the purchase and use of Subaru vehicles in Virginia.

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Tazewell, Virginia, which is located within the bounds of the Abingdon Division of the Western District of Virginia.

9. Personal jurisdiction exists as to all defendants pursuant to Va. Code § 8.01-328.1 (A)(4) and (A)(5) as each undertook actions to manufacture, assemble, and distribute vehicles or vehicle parts that are distributed and marketed throughout Virginia. Defendants made implied warranties regarding the Vehicle and component parts at issue in this lawsuit. Defendants reasonably expected that the Vehicle and its component parts would be used or consumed in Virginia. Upon information and belief, each of the Defendants derives significant revenue from vehicles or vehicle components which are sold or used in Virginia. Further, each of the Defendants manufactured products, including the Vehicle or parts therein, that were marketed to and sold to consumers in Virginia and elsewhere with the expectation that such products would be used in Virginia.

## STATEMENT OF FACTS

10. Mrs. James purchased the Vehicle new on June 6, 2011, from Bill Bryan Subaru, located in Fruitland Park, Florida.

WOODS ROGERS PLC
ATTORNEYS AT LAW

11. On August 7, 2017, the Vehicle, including its component sub-assemblies at issue in this action, were in the same essential condition as they were at the time that they left Defendants' control.

12. On August 7, 2017, Mrs. James drove the Vehicle westbound on Route 623 (Burke's Garden Road). When Mrs. James was approximately one half mile from Route 61, and while rounding a sharp right turn, the right front fender of the Vehicle briefly contacted a tree adjacent to the road.

13. The Vehicle's contact with the tree caused minor damage to the Vehicle's passenger side fender.

14. The Vehicle's contact with the tree posed no risk of injury or danger to Mrs. James that would have been mitigated by deployment of any airbag. Nevertheless the Vehicle's driver side curtain airbag deployed.

15. Following the contact with the tree, Mrs. James corrected the direction of the Vehicle and brought it to a stop in her lane of travel on Route 623.

16. The side curtain airbag struck Mrs. James on the upper left side of her body and caused significant injuries. The injuries suffered by Mrs. James include:

    a) a comminuted type 2 dens fracture of the cervical spine with extension of the left superior articular facet resulting in anterior dislocation of C1 with respect to C2 on the left articulation and rightward rotational atlanto-axial dissociation;

    b) ligamentous injury of the neck (often referred to as an internal decapitation because the skull base is separated from the spinal column.) Mrs. James required a C1-2 posterior cervical fusion, bilateral C2 rhizotomy and a right iliac crest bone graft to stabilize her neck and reattach her skull to her spine; and

WOODS ROGERS PLC
ATTORNEYS AT LAW

      c)      significant soft tissue injury with uncontrolled pain and muscle spasms, all of which left Mrs. James little range of motion in her neck.

17. It was foreseeable to Defendants that the Vehicle and the components therein would be used in the manner consistent with its use by Mrs. James on August 7, 2017 at the time the driver's side curtain airbag deployed.

18. It was foreseeable to Defendants that the Vehicle would be used by Mrs. James to travel on various roads and highways, including on the road on which Mrs. James was traveling on August 7, 2017 at the time the driver's side curtain airbag deployed.

19. It was foreseeable to Defendants that the Vehicle and components therein would be involved in minor accidents during the course of ordinary use that should not trigger the deployment of the driver's side curtain airbag.

20. It was foreseeable to Defendants that the driver's side curtain airbag could cause unreasonable risk of harm to drivers if deployed as a result of minor accidents that otherwise posed no risk of harm to the driver or any passenger.

## COUNT I
### *Implied Warranty of Merchantability — Against Subaru Corporation and Subaru of Indiana Automotive, Inc.*

21. Plaintiff adopts and re-alleges paragraphs 1 through 20 as though fully set forth herein.

22. At all times relevant herein, Defendants were merchants with respect to the Vehicle and its components at issue in this Complaint.

23. At all times relevant herein, Defendants designed, manufactured, assembled, inspected, installed and/or distributed the Vehicle and/or its components, including but not

limited to the driver's side curtain airbag and the system that causes the driver's side curtain airbag to deploy.

24. Defendants breached the implied warranty of merchantability as it concerns Plaintiff because the Vehicle was not fit for the ordinary purposes for which it was anticipated to be used—as a safe passenger motor vehicle.

25. Specifically, the Vehicle's driver's side curtain airbag system, including the sensors and electronic control module designed to trigger the driver's side curtain airbag, were unreasonably dangerous and defective because:

    a) the Vehicle was designed, manufactured, assembled, installed and/or distributed with a driver's side curtain airbag that had a propensity to unexpectedly and inadvertently deploy as a result of minor foreseeable events which made the Vehicle unfit for its ordinary purpose of providing safe transportation;

    b) the Vehicle was designed, manufactured, assembled, installed and/or distributed with a system designed to unnecessarily trigger the driver's side curtain airbag including as a result of minor foreseeable events which made the Vehicle unfit for its ordinary purpose of safe transportation; and

    c) the Vehicle was designed, manufactured, assembled, installed and/or distributed with a driver's side curtain airbag that deployed with excessive and dangerous force onto drivers as a result of minor foreseeable events which made the Vehicle unfit for its ordinary purpose of providing safe transportation.

26. At all times relevant herein, Defendants further breached the implied warranty of merchantability to Plaintiff by failing to provide directions or warnings which adequately warned the operator of the Vehicle's driver's side curtain airbag's propensity to unexpectedly and

WOODS ROGERS PLC
ATTORNEYS AT LAW

inadvertently deploy, and to do so with excessive force and with associated risk of injury or death in minor foreseeable events.

27. As the direct and proximate cause of Defendants' breaches of the implied warranty of merchantability, as alleged herein, Plaintiff sustained serious and permanent bodily injuries; has been prevented from transacting her business and personal affairs; has suffered inconvenience and great pain of body and mind, permanent physical deformity, and associated humiliation and embarrassment; has suffered loss of enjoyment of life; and has incurred, and will incur in the future, substantial medical and related bills in an effort to be cured of said injuries, and lost income and lost earning capacity.

## COUNT II
*Negligence — Against Subaru Corporation and Subaru of Indiana Automotive, Inc.*

28. Plaintiff adopts and re-alleges paragraphs 1 through 27 as though fully set forth herein.

29. At all times relevant herein, Defendants owed Plaintiff a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the Vehicle and its components, including the driver's side curtain airbag and the system designed to trigger the side curtain airbag, so that they would provide a reasonable degree of occupant protection and safety during foreseeable events occurring during their intended use, and not be unreasonably dangerous.

30. At all times relevant herein, the Vehicle is and was defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its driver's side curtain airbag and the system designed to trigger the side curtain airbag are and were negligently designed, manufactured, assembled, tested, inspected and/or installed by Defendants, and failed to provide

WOODS ROGERS PLC
ATTORNEYS AT LAW

the degree of occupant protection and safety a reasonable consumer would expect in minor foreseeable events occurring in the real world environment of its intended use.

31. At all times relevant herein, Defendants were negligent, reckless and careless, and breached their duties of care owed to Plaintiff by:

a) Designing, manufacturing, assembling, testing, and/or installing the Vehicle with driver's side curtain airbag that they knew or should have known would unexpectedly or inadvertently deploy following a minor foreseeable event, thereby posing an unnecessary and unreasonable risk of injury or death to occupants;

b) Designing, manufacturing, assembling, testing, and/or installing the Vehicle with driver's side curtain airbag that they knew or should have known would deploy with excessive force such that it posed an unnecessary and unreasonable risk of injury or death to occupants in minor foreseeable events;

c) Failing to exercise reasonable care in the design of the Vehicle and its driver's side curtain airbag;

d) Failing to exercise reasonable care in the design of the system which triggered the deployment of the driver's side curtain airbag in the Vehicle;

e) Failing to exercise reasonable care in the testing of the Vehicle and its driver's side curtain airbag, including the system designed to trigger the Vehicle's side curtain airbag, which were reasonably necessary to make the Vehicle safe for its intended use;

f) Failing to exercise reasonable care in the assembly and installation of components of the Vehicle and its driver's side curtain airbag system;

WOODS ROGERS PLC
ATTORNEYS AT LAW

g) Failing to exercise reasonable care in the inspection of the Vehicle and its driver's side curtain airbag system reasonably necessary to make the Vehicle safe for its intended use;

h) Failing to incorporate appropriate quality assurance procedures in the design of the Vehicle and its driver's side curtain airbag system; and

i) In such other and further particulars as the evidence may show.

32. As the direct and proximate cause of the aforesaid negligence, Plaintiff sustained serious and permanent bodily injuries; has been prevented from transacting her business and personal affairs; has suffered inconvenience and great pain of body and mind, permanent physical deformity, and associated humiliation and embarrassment; has suffered loss of enjoyment of life; and has incurred, and will incur in the future, substantial medical and related bills in an effort to be cured of said injuries, and lost income and lost earning capacity.

## COUNT III
### *Failure to Warn—Against Subaru Corporation and Subaru of Indiana Automotive, Inc.*

33. Plaintiff adopts and re-alleges paragraphs 1 through 32 as though fully set forth herein.

34. The Defendants knew or should have known of the defective and unreasonably dangerous conditions described above, but failed to warn foreseeable users, including Mrs. James of the danger and risk of injury associated with the use and operation of the Vehicle.

35. As the direct and proximate cause of the aforesaid failure to warn, Plaintiff sustained serious and permanent bodily injuries; has been prevented from transacting her business and personal affairs; has suffered inconvenience and great pain of body and mind, permanent physical deformity, and associated humiliation and embarrassment; has suffered loss

WOODS ROGERS PLC
ATTORNEYS AT LAW

of enjoyment of life; and has incurred, and will incur in the future, substantial medical and related bills in an effort to be cured of said injuries, and lost income and lost earning capacity.

### PRAYER FOR RELIEF

Wherefore, Plaintiff REBECCA RENTZ JAMES, demands judgment against Defendants, jointly and severally, in the amount of TWELVE MILLION FIVE HUNDRED THOUSAND DOLLARS ($12,500,000.00), as and for compensatory damages, with prejudgment interest from August 7, 2017, until paid, and her taxable costs herein expended, and such other and further relief that this Court may deem necessary and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

REBECCA RENTZ JAMES

By: *J. Walton Milam III*

Francis H. Casola, Esq. (VSB No. 29108)
J. Walton Milam III (VSB. No 89406)
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1400
10 South Jefferson Street
P. O. Box 14125
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
casola@woodsrogers.com
wmilam@woodsrogers.com

*Counsel for Plaintiff*

WOODS ROGERS PLC
ATTORNEYS AT LAW

10