# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **REBECCA RENTZ JAMES,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19CV00030 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SUBARU CORPORATION,** | ) | By: James P. Jones |
| **ETC., ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Francis H. Casola and J. Walton Milam III, WOODS ROGERS PLC, Roanoke, Virginia, for Plaintiff; Christopher C. Spencer, Mark C. Shuford, and Miranda G. James, SPENCER SHUFORD LLP, Richmond, Virginia, for Defendants.*

In this products liability case invoking the court's diversity jurisdiction, the defendants, Subaru Corporation and Subaru of Indiana Automotive, Inc., have each moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, I will deny the defendants' Motions to Dismiss.

I.

The Complaint alleges the following facts, which I must accept as true in considering the Motions to Dismiss.

On August 7, 2017, the plaintiff, Rebecca Rentz James, was driving a 2011 Subaru Outback in Tazewell County, Virginia. While she was making a right turn, the right front fender of the vehicle made contact with a tree adjacent to the road.

This brush with the tree caused only minor damage to the fender and posed no risk of harm to James. After the vehicle contacted the tree, James was able to correct the vehicle's direction and bring it to a stop in the right lane.

Although the vehicle had only lightly touched the tree, the vehicle's driver side curtain airbag deployed. The airbag struck James on the upper left side of her body and injured her cervical spine and neck. James alleges that such a minor accident was foreseeable to the defendants and that the brief, non-dangerous contact should not have triggered deployment of the airbag. She further alleges that the airbag deployed with excessive and dangerous force. It was foreseeable to the defendants that such an unnecessary deployment of the airbag posed an unreasonable risk of harm to drivers.

The Complaint asserts claims of breach of the implied warranty of merchantability (Count I), negligence (Count II), and failure to warn (Count III). James seeks $12,500,000 in damages.

II.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In order to survive a motion to

dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts. *Id.*

A complaint does not need detailed factual allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "To satisfy this standard, a plaintiff need not forecast evidence sufficient to prove the elements of the claim." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted).

Because this is a diversity case and the relevant events occurred in Virginia, the substantive law of Virginia applies. *See, e.g.*, *Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1177 (4th Cir. 1997); *Erie R.R. v. Tompkins,* 304 U.S. 64, 78–79 (1938). "Virginia has not adopted a strict liability regime for products liability. When alleging that a product suffered from a design defect, a plaintiff may proceed under a theory of implied warranty of merchantability or under a theory of negligence." *Evans v. Nacco Materials Handling Grp., Inc.*, 810 S.E.2d 462, 469

(2018). Here, the plaintiff proceeds under both theories. A manufacturer breaches its duty to warn if it has reason to know that a product is dangerous for the use for which it is supplied, has no reason to believe the user will realize the dangerous condition, and fails to exercise reasonable care to inform users of the dangerous condition. *Jones v. Ford Motor Co.*, 559 S.E.2d 592, 600 (Va. 2002).

To recover in a Virginia products liability case, a plaintiff must plead and prove that the product in question contained a defect that rendered it unreasonably dangerous for ordinary or foreseeable use. *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir. 1993). The plaintiff must also establish "that the unreasonably dangerous condition existed when the goods left the defendant's hands." *Logan v. Montgomery Ward & Co.*, 219 S.E.2d 685, 687 (Va. 1975). In determining whether a product contained a defect rendering it unreasonably dangerous, the "court will consider safety standards promulgated by the government or the relevant industry, as well as the reasonable expectations of consumers." *Alevromagiros*, 993 F.2d at 420. In this case, James relies on consumer expectations rather than government or industry standards. The defendants contend that she has not adequately pleaded facts showing what consumers expect of side curtain airbags or how she will prove those expectations. According to the defendants, the plaintiff is improperly relying solely on her own subjective, undefined standards.

"Consumer expectations, which may differ from government or industry standards, can be established through evidence of actual industry practices, published literature, and from direct evidence of what reasonable purchasers considered defective." *Id.* at 420-21 (internal alterations, quotation marks, and citation omitted). "Absent an established norm in the industry, a court is constrained to rely on the opinion testimony of experts to ascertain the applicable safety standard." *Id.* at 421 (internal alterations, quotation marks, and citation omitted).

A plaintiff, however, is not required to prove her case in her complaint. While the cited decisions address the kinds of evidence that may be sufficient to establish liability at trial or to survive summary judgment, a plaintiff need not set forth allegations of expert opinions, publications, consumer testimony, or other specific evidence at the pleading stage. The Federal Rules of Civil Procedure simply do not require that level of detail or a forecasting of the plaintiff's anticipated evidence.

The defendants also argue that James has failed to allege that either the allegedly dangerous condition or the alleged failure to warn was the proximate cause of her injuries. In a products liability action, proof of causation must ordinarily be supported by expert testimony because of the complexity of the causation facts. *See Rohrbough v. Wyeth Labs., Inc.,* 916 F.2d 970, 972 (4th Cir. 1990) (holding that essential element of causation in products liability action involving medical vaccine must be proved by expert testimony under West Virginia law); *Hartwell v. Danek*

*Med., Inc.,* 47 F.Supp.2d 703, 707 (W.D. Va. 1999) (holding same as to products liability case involving medical device under Virginia law). Again, however, a motion to dismiss is not the proper avenue to contest a lack of expert testimony.

I find that James has adequately pled that were the airbag not defective, or were she warned of its defect, she would not have been injured by its unexpected and forceful deployment. At this early stage of the proceedings, no more is necessary. The defendants will have ample opportunity to investigate the plaintiff's evidence or lack thereof in discovery. Following the close of discovery, they may challenge the sufficiency of the plaintiff's evidence through a motion for summary judgment, which is the more appropriate mechanism for raising the issues they have presented in the Motions to Dismiss.

### III.

For the foregoing reasons, it is **ORDERED** that the Motions to Dismiss, ECF Nos. 6 and 10, are DENIED.

ENTER: December 2, 2019

/s/ *JAMES P. JONES*
United States District Judge